UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

VASILIKI T. MOYSIDIS,

    Plaintiff,

v.

ARCHIMEDEAN ACADEMY, INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, ARCHIMEDEAN ACADEMY, INC., by and through its undersigned counsel, hereby gives notice that the civil action identified as *Vasiliki T. Moysidis v. Archimedean Academy, Inc., Case No.* 2019-035621-CA-01, currently pending in state court in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida ("Eleventh Judicial Circuit"), is removed to this Court without waiving any rights to which Defendant may be entitled, and states:

**I.    REMOVAL IS TIMELY**

1.    On or about December 11, 2019, Plaintiff commenced this action against Defendant in the Eleventh Judicial Circuit.  On December 19, 2019, Defendant's registered agent received, through service, a copy of the initial pleading setting forth the claim for relief upon which this action is based.  *See* Copy of Summons served on registered agent, attached hereto as Exhibit "A."

2.    Pursuant to 28 U.S.C. §1446(b)(2)(B), this Notice of Removal is timely because it is filed within thirty (30) days after Defendant received a copy of the initial pleading setting forth the claim for relief upon which the above-captioned cause is based.

II.   **REMOVAL BASED ON FEDERAL QUESTION JURISDICTION IS PROPER**

3.      Pursuant to 28 U.S.C. §1331, this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction because Plaintiff has alleged violations of federal law in his Complaint. *See* Plaintiff's Complaint, attached hereto as part of Exhibit "B."  Plaintiff has pled that Defendant discriminated against her because of her sex and retaliated against her in violation of Title VII, 42 U.S.C. §2000e-2.  Plaintiff has also pled that Defendant has violated the Equal Pay Act ("EPA") by paying Plaintiff less than her male counterparts and retaliated against her in violation of the EPA.  Accordingly, removal of this action is proper under 28 U.S.C. §1441 because the civil action arises under the laws of the United States.

III.   **THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS.**

4.      The remaining claims in the complaint also allege discrimination while Plaintiff was employed by Defendant. Those claims can be considered by this Court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367. Federal court jurisdiction is proper over these claims because these claims are "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a); *see also Scheirich v. Town of Hillsboro Beach*, Case No. 07-61630-CIV, 2008 U.S. Dist. LEXIS 4090, *6 (S.D. Fla. Jan. 18, 2008) (exercising original jurisdiction over Title VII retaliation claim and supplemental jurisdiction over whistleblower retaliation claim). Accordingly, this Court has supplemental jurisdiction over Plaintiff's claims for gender discrimination under the FCRA, for retaliation under the FCRA, and for retaliation under the whistleblower statute pursuant to 28 U.S.C. § 1367(a) and removal of all claims therefore is proper.  Further, Plaintiff's state law claims do not involve novel or complex state law issues, and the state law claims do not substantially predominate over the federal law claims.  *See* 28 U.S.C. § 1367(c).

IV.   **REMOVAL TO THE SOUTHERN DISTRICT OF FLORIDA IS PROPER**

5.      Pursuant to 28 U.S.C. §1446(a), the United Stated District Court for the Southern District of Florida, Miami Division ("Southern District of Florida") is the judicial district and division embracing the Eleventh Judicial Circuit, where this case was brought and is pending, and is therefore the proper district court and division to which this case must be removed.

V.   **ALL REQUIREMENTS NECESSARY FOR REMOVAL HAVE BEEN MET**

6.      Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders that have been filed to date in this case are attached hereto as Exhibit "C."

7.      There are no motions currently pending in this action in the Eleventh Judicial Circuit.  Accordingly, there are no pending motions or documents being filed along with this Notice of Removal, as would otherwise be required.

8.      Pursuant to 28 U.S.C. §1446(d), promptly after the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal will be served upon Plaintiff's counsel at PERERA BARNHART ALEMAN via e-mail as set forth in the Service List below.

9.      Further, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, along with Defendant's Notice to Plaintiff of Removal, will be filed with the Clerk of the Court for the Eleventh Judicial Circuit. *See* Notice of Removed Action, attached as Exhibit "D."

10.      The filing of this Notice of Removal does not constitute a waiver of any defenses which may be available to Defendant.

WHEREFORE, Defendant respectfully gives notice of the removal of this action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Respectfully submitted this 8th of January, 2020.

/s/Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
Florida Bar No. 821690
erodriguez@fordharrison.com
Ford & Harrison, LLP
One S.E. 3rd Avenue, Suite 2130
Miami, FL  33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
Counsel for Defendant

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on January 8, 2020, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Elizabeth M. Rodriguez
Elizabeth M. Rodriguez

## <u>SERVICE LIST</u>

Bayardo E. Aleman, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Counsel for Plaintiff
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Waynice A. Green-Musgrove, Esq.
Florida Bar No. 116175
waynice@pba-law.com
PERERA BARNHART ALEMAN
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
Counsel for Plaintiff

Filing # 100138080 E-Filed 12/11/2019 11:38:51 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-035621-CA-01

VASILIKI T. MOYSIDIS,

      Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, on Defendant:

**ARCHIMEDEAN ACADEMY, INC.
c/o ALECO HARALAMBIDES, ESQ.
3135 SW 3RD AVENUE
MIAMI, FL 33129**

      Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart Aleman, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON _____12/16/2019_____, 2019.

HARVEY RUVIN
By: _____
        As Deputy Clerk

**EXHIBIT "A"**

## SUMMONS:
## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandoado legalmente. Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a unabogado immediateamenta. Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

2

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:      J. Freddy Perera, Esq.
                  Florida Bar No. 93625

Address:      Perera Barnhart Aleman
                  12555 Orange Drive
                  Second Floor
                  Davie, FL 33330
                  (786) 485-5232

Filing # 99923413 E-Filed 12/06/2019 01:17:17 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

VASILIKI T. MOYSIDIS,

       Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

       Defendant.

_____/

## COMPLAINT

Plaintiff VASILIKI T. MOYSIDIS ("Plaintiff") hereby sues ARCHIMEDEAN ACADEMY, INC., (the "Academy" or "Defendant") and alleges as follows:

### Introduction

1.    This is an action by Plaintiff against Defendant for sex discrimination and retaliation under Title VII of the federal Civil Rights Act ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Florida Civil Rights Act of 1992 ("FCRA"), and Florida's private sector Whistleblower's Act ("FWA"). Plaintiff seeks damages, recovery of reasonable attorneys' fees and costs, and all other remedies allowable by law.

### Jurisdiction and Venue

2.    This is an action by Plaintiff exceeding $15,000.00, exclusive of attorneys' fees and costs.

3.    The Academy is a Florida not for profit corporation with its principal place of business in Miami-Dade County.

---

1 | P a g e

EXHIBIT "B"

4.      Venue is proper in this Court because Defendant transacts business in Miami-Dade County, maintains a principal place of business in Miami-Dade County, employed Plaintiff in Miami-Dade County and the claims arose within Miami-Dade County.

**Parties and General Allegations**

5.      Plaintiff is a female over the age of eighteen and is otherwise *sui juris.*

6.      At all relevant times, Plaintiff was a covered employee under Title VII, the EPA, the FCRA and the FWA.

7.      At all relevant times, Defendant was an employer subject to the provisions of Title VII, the EPA, the FCRA and the FWA.

**Factual Allegations**

8.      The Academy is a charter school located in Miami, Florida.  It characterizes itself as a conservatory of mathematics and Greek language.

9.      At all relevant times, Dr. George Kafkoulis ("Kafkoulis") was President of the Academy.

10.     When the Academy initially opened its doors in 2002, it was an elementary school, which only catered to kindergarten and lower grade students (the "Elementary School").

11.     A couple of years later, Plaintiff joined the Academy's faculty and shortly thereafter, opened the Academy's middle school (the "Middle School").

12.     Plaintiff was recruited to run the Middle School and serve as its Principal.  This was a demanding task, particularly because the Academy refused to hire an Assistant Principal to assist Plaintiff in carrying out her duties. The Academy told Plaintiff that though she would act as Principal, it could only afford to pay her as "Lead Teacher."

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

13.    Defendant promised Plaintiff a raise to adequately compensate her, but the raise never came.

14.    In 2008, the Academy opened the Archimedean Upper Conservatory ("High School"). The High School opened with 60 students and was operated by a full time principal and assistant principal.

15.    In 2008, Plaintiff obtained a specialist degree. That degree would have entitled Plaintiff to additional compensation if she were an employee of Miami-Dade County Public School system (instead of charter school employee).

16.    With this new accreditation and given her track record of success, Plaintiff asked Kafkoulis for a raise. Her request was denied.

17.    It was not until one of the Academy's building owners intervened that Kafkoulis offered Plaintiff a $10,000.00 stipend, with strings attached. To earn the stipend, Kafkoulis required Plaintiff to prepare the entire Greek language curriculum for the Elementary School (though she did not oversee the Elementary School) and Middle School. Plaintiff accepted and, through the date of her unlawful termination, successfully completed this task.

18.    By 2010, Plaintiff had grown the Middle School's student body from 65 students to 330 students.

19.    During Plaintiff's tenure as sole administrator and instructional leader, the Middle School earned an "A" letter grade every year, ranked as one of the top Middle Schools in Florida and won two prestigious National Blue Ribbon awards, a nationally known recognition and symbol of exemplary teaching and learning.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

**Plaintiff's Objections and Refusal to Participate in Unlawful Activity**

20.    Throughout her employment Plaintiff witnessed Defendant's recurrent unethical and illegal misconduct.

21.    Some of these acts included:

- the Elementary School and the High School's use of uncertified teachers;
- the Elementary school and the High School's use of shadow teachers;
- the faux appointment of women to the Academy's Board just before the SACS accreditation committee came to review the Academy, in order to cover-up the fact that it was an all-male Board; and
- the Academy, through Demetrios Bardoutsos, knowingly and repeatedly authorizing the submission of fictitious financial information.

22.    In 2015, despite the High School's high attrition rate, Kafkoulis decided he wanted to replace Plaintiff with Demetrios Demopoulos ("Demopoulos"), the High School principal.

23.    Kafkoulis called Plaintiff into a meeting and offered Plaintiff $20,000.00 "off the books" to add to her retirement if she would resign and surrender her position to her male colleague. Plaintiff rejected Kafkoulis' bribe.

24.    Infuriated, Kafkoulis pounded his fist on a table and stated that "no woman has ever said no to me." He then stated Plaintiff would "live to regret this moment" and that he "always had the last word."

25.    Subsequently, the Academy, as a high performing school, was earmarked to receive State funds to reward the teachers. Kafkoulis, however, asked Plaintiff to tell the Academy's teachers that the funds would be distributed late and not according to the state deadline. The reason was that the Academy was, at the time, applying for a loan for a new building and wanted to inflate its financials by showing added cash flow. Plaintiff refused to lie to the teachers, which further angered Kafkoulis.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

26.     Kafkoulis then demanded that the Parent Teacher Organization ("PTO")'s funds be used to improve the gym. Plaintiff also objected to this demand, reminding Kafkoulis that he cannot dictate what the PTO does with its funds, which are meant for the benefit of the students – not to pay for improvements on a building that is privately owned and does not belong to the Academy. Infuriated with Plaintiff, Kafkoulis retorted "to hell with you" and again told Plaintiff that she would "regret it."

27.     Defendant's conduct caused Plaintiff a great deal of stress, which only progressed with time.

28.     The Academy's unlawful conduct did not end there. The Academy hired male teacher Dr. Lambros Boukas ("Boukas"), the brother of Academy Board member, Dr. Konstantinos Boukas. Boukas was brought from Greece to work for the Academy.

29.     Almost immediately, Boukas began making inappropriate sexual remarks to children and teachers at the Academy. When Plaintiff complained about Boukas' behavior, she was told by Kafkoulis and the Academy's legal counsel, Mr. Aleco Haralambides[1] that she was simply "too Americanized."

30.     Mortified by Boukas' conduct and her superior's indifference, Plaintiff presented Boukas with a written reprimand and refused to allow him back into the Middle School.

31.     Defendant did not admonish or counsel Boukas. In fact, Kafkoulis saw to it that Boukas remained at the Academy, just not at the Middle School. There was no concern for the health, safety or well-being of the children or teachers that Boukas harassed.

---

[1] In addition to serving as the Academy's legal counsel, Haralambides was also conveniently the Academy's Vice President, Conflict Resolution Officer and partial owner of the building.

5 | P a g e

32.     Defendant's only concern was Boukas' immigration status, which was linked to his work at the Middle School.  This became even more apparent to Plaintiff when she uncovered that the Academy forged documents to report that Boukas was still working at the Middle School. These documents were falsified so as to not raise any red flags or threaten Boukas' immigration status.

### **Defendant's Disparate Pay Practices**

33.     In August of 2018, Plaintiff noticed that Defendant cut her stipend from $10,000.00 to approximately $3,930.00.  Plaintiff also noticed that her salary was incorrectly being reported as $100,000.00, which was several thousand dollars higher than her actual salary.

34.     On several occasions, Plaintiff asked for an explanation on the discrepancy, but her requests were all ignored.  However, Plaintiff later found out that her pay records were altered because the Academy had recently hired a *male* principal for the Elementary School at a six-figure salary, despite his having far less experience and qualifications than Plaintiff.

35.     Trying to hide the pay discrimination, the Academy wanted to show, at least "on paper," that it was compensating Plaintiff at a rate similar to that of the new hire.

36.     To make matters worse, Plaintiff also found out that Demopoulos, the less experienced male Principal of the High School, had also been paid at a higher salary than her, and that had been the case for many years.

37.     When Plaintiff brought the disparate pay issue to Defendant's attention, Defendant retaliated against Plaintiff and concocted a Letter of Reprimand questioning Plaintiff's job performance.

38.     The retaliation did not end there.

---

6 | P a g e

39.    After uncovering the unlawful pay discrepancy, Plaintiff filed a charge of discrimination with the EEOC. This caused Plaintiff more torment as Kafkoulis' harassment became even more relentless.

40.    Then, on July 22, 2019, shortly before the start of the new school year, Defendant unlawfully terminated Plaintiff's employment.

41.    Plaintiff subsequently filed a second charge of discrimination with the EEOC premised largely on her unlawful and retaliatory termination.

### Plaintiff Has Exhausted Administrative Remedies

42.    Plaintiff timely filed two charges of discrimination before filing this lawsuit.

43.    Plaintiff received Determination of Rights Letters from the EEOC advising her of her right to sue.  A copy of the Letters are attached as **Exhibits A and B.**

44.    Plaintiff has met all prerequisites and met all preconditions to filing this lawsuit.

## COUNT I

## SEX DISCRIMINATION UNDER TITLE VII

45.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

46.    Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2.

7 | P a g e

47.     Discrimination by an employer against an individual because of her sex is prohibited under Title VII.

48.     Plaintiff's sex is female.

49.     Plaintiff's status as a female is a protected class under Title VII.

50.     Plaintiff was disfavored in the terms and condition of her employment and received less compensation than her male counterparts due to her status as a female.

51.     Had Plaintiff not been female, Plaintiff would not have been treated less favorably and paid less money than her male counterparts.

52.     Defendant's conduct amounted to discrimination in the terms, conditions, and privileges of Plaintiff's employment, in violation of Title VII.

53.     Plaintiff suffered damages due to Defendant's discriminatory treatment.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendant under Title VII for sex discrimination;

b.      Award Plaintiff back pay;

c.      Award Plaintiff compensatory damages;

d.      Award Plaintiff punitive damages;

e.      Award Plaintiff her attorneys' fees and costs;

f.      Award Plaintiff all recoverable interest; and

g.      Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## COUNT II

## DEFENDANT'S UNLAWFUL RETALIATION AGAINST PLAINTIFF
## UNDER TITLE VII

54.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

55.     Under Title VII it is unlawful for an employer to, "discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3.

56.     While employed by Defendant, Plaintiff objected to Defendant's refusal to compensate her as well as her male colleagues, including by filing a charge of discrimination.

57.     Plaintiff's objections to Defendant's acts constituted protected activity under Title VII.

58.     Under Title VII, Defendant was prohibited from taking retaliatory action against Plaintiff for her protected activities.

59.     However, Plaintiff was terminated by Defendant due to her participation in the protected activity described above.

60.     Defendant took retaliatory employment action against Plaintiff by terminating Plaintiff's employment with Defendant.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

61.     Discrimination by Defendant against Plaintiff for reporting her complaints of sex discrimination is prohibited under Title VII.

62.     Throughout her employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and, at all relevant times, did her job at satisfactory or above-satisfactory levels.

63.     Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful retaliation.

64.     Plaintiff suffered damages as a result of her unlawful retaliatory discharge.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendant under Title VII for unlawful retaliation;

b.      Award Plaintiff back pay damages;

c.      Award Plaintiff front pay damages;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff punitive damages;

f.      Award Plaintiff her attorneys' fees and costs;

g.      Award Plaintiff all recoverable interest; and

h.      Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## COUNT III

## DEFENDANT'S VIOLATION OF THE EPA

65.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs I through 44 above as if fully set forth herein.

66.     During Plaintiff's employment with Defendant, Defendant willfully violated the EPA by paying Plaintiff at a salary less than the salary paid to male employees in the same establishment, for jobs requiring equal skill effort and responsibility and which were performed under similar working conditions as the job performed by Plaintiff.

67.     The only differential was Plaintiff's sex.

68.     As a direct and proximate result of the acts complained of above, Defendant has unlawfully withheld payment of wages due to Plaintiff.

69.     Defendant knew or showed reckless disregard as to whether its payment of lower wages to Plaintiff for work equivalent to her male counterparts was prohibited by the EPA.

70.     Plaintiff suffered damages due to Defendant's discriminatory treatment.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against Defendant under the EPA for sex discrimination;

b.     Grant Plaintiff a permanent injunction enjoining Defendant, and its agents, from discriminating between employees on the basis of sex;

c.     Award Plaintiff back pay;

d.     Award Plaintiff liquidated damages;

e.     Award Plaintiff compensatory damages;

f.     Award Plaintiff her attorneys' fees and costs;

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

g.      Award Plaintiff all recoverable interest; and

h.      . Award any other relief this Honorable Court deems just and proper.

## COUNT IV

## DEFENDANT'S UNLAWFUL RETALIATION AGAINST PLAINTIFF UNDER THE EPA

71.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

72.     Under the EPA, it is unlawful for an employer to retaliate against an employee who asserts his or her rights under the EPA.

73.     Since the filing of Plaintiff's first EEOC charge, Defendant has subjected Plaintiff to verbal threats, reprisals and negative performance evaluations, all in retaliation for voicing concerns about the unlawful pay disparity. .

74.     Plaintiff's complaints constituted protected activity under EPA.

75.     Under the EPA, Defendant was prohibited from taking retaliatory action against Plaintiff for her protected activities.

76.     However, Plaintiff was terminated by Defendant due to her participation in the protected activity described above.

77.     Discrimination by Defendant against Plaintiff for reporting her complaints of sex discrimination is prohibited under the EPA

78.     Throughout her employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and, at all relevant times, did her job at satisfactory or above-satisfactory levels.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

79.     Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful retaliation.

80.     Plaintiff suffered damages as a result of her unlawful retaliatory discharge.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendant under the EPA for unlawful retaliation;

b.      Award Plaintiff back pay damages;

c.      Award Plaintiff front pay damages;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff punitive damages;

f.      Award Plaintiff her attorneys' fees and costs;

g.      Award Plaintiff all recoverable interest; and

h.      Award any other relief this Honorable Court deems just and proper.

## COUNT V

## SEX DISCRIMINATION BY DEFENDANT IN VIOLATION THE FCRA

81.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

82.     Under the FCRA, it is unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status" Fla. Stat. § 760.10(1)(a).

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

83. Plaintiff's sex is female.

84. Discrimination by an employer against an individual because of her sex is prohibited under the FCRA.

85. Plaintiff's status as a female is a protected class under the FCRA.

86. Plaintiff was disfavored in the terms and condition of her employment and received less compensation than her male counterparts due to her status as a female.

87. Had Plaintiff not been female, Plaintiff would not have been treated less favorably and paid less money than her male counterparts.

88. Such differential treatment constitutes sex discrimination in the terms, conditions, and privileges of Plaintiff's employment, in violation of the FCRA.

89. Plaintiff suffered damages due to Defendant's discriminatory treatment.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant under the FCRA for sex discrimination;

b. Award Plaintiff back pay;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive damages;

e. Award Plaintiff her attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## COUNT VI

### DEFENDANT'S UNLAWFUL RETALIATION AGAINST PLAINTIFF UNDER THE FCRA

90.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

91.     Under the FCRA, "it is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under the section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the section." Fla. Stat. § 760.10(7).

92.     While employed by Defendant, Plaintiff objected to Defendant's refusal to compensate her as well as her male colleagues.

93.     Plaintiff's objections to Defendant's acts constituted protected activity under the FCRA, including by filing a charge of discrimination.

94.     Under the FCRA, Defendant was prohibited from taking retaliatory action against Plaintiff for her protected activities.

95.     However, Plaintiff was terminated by Defendant due to her participation in the protected activity described above.

96.     Defendant took retaliatory employment action against Plaintiff by terminating Plaintiff.

97.     Plaintiff suffered damages because of her unlawful retaliatory discharge.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

a.      Enter judgment for Plaintiff against Defendant under the FCRA for unlawful sex discrimination retaliation;

b.      Award Plaintiff back pay damages;

c.      Award Plaintiff front pay damages;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff punitive damages;

f.      Award Plaintiff her attorneys' fees and costs;

g.      Award Plaintiff all recoverable interest; and

h.      Award any other relief this Honorable Court deems just and proper.

## COUNT VII

## DEFENDANT'S VIOLATION OF THE PRIVATE SECTOR FWA

98.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

99.     Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

100.    Plaintiff objected to and refused to participate in a slew of Defendant's violations of school, state and federal regulations.

101.    Consequently, Defendant retaliated against Plaintiff by harassing, reprimanding and ultimately terminating Plaintiff's employment.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

102.    Defendant's adverse actions towards Plaintiff were directly and proximately caused by Plaintiff's objections to practices, activities and/or policies that violate a rule, law or regulation as set forth more fully above.

103.    At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

104.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

105.    Any allegedly justified reason for Plaintiff's termination asserted by Defendant is mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned practices, activities and/or policies

106.    Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA, which protects a person from retaliation for opposing practices, activities and/or policies that violate a rule, law or regulation.

107.    The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.    Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA;

b.    Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

c.    Reinstate full fringe benefits and seniority rights to Plaintiff;

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

    d.      Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to practices, activities and/or policies that violate a rule, law or regulation;

    e.      Award attorney's fees and costs; and

    f.      Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted,

By: /s/ *J. Freddy Perera*
Bayardo E. Aleman, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Waynice A. Green-Musgrove, Esq.
Florida Bar No. 116175
waynice@pba-law.com
**PERERA BARNHART ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

# EXHIBIT "A"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Vasiliki T. Moysidis**
      **10923 SW 135 PL**
      **Miami, FL 33186**

From:  **Miami District Office**
       **Miami Tower, 100 S E 2nd Street**
       **Suite 1500**
       **Miami, FL 33131**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-05901** | **ROEL J. RITFELD,** Federal Investigator | **(305) 808-1812** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Megan Santa Wright*

Michael J. Farrell,
**District Director**

SEP **11** 2019

*(Date Mailed)*

Enclosures(s)

cc:   **Respondent Representative**
      **ARCHIMEDAN SCHOOLS**
      **c/o George Kafkoulis, PhD., President.**
      **1225 Sunset Drive**
      **Miami, FL 33186**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before* 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT "B"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Vasiliki T. Moysidis<br>10923 SW 135 PL<br>Miami, FL 33186 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-00317** | **ROEL J. RITFELD,**<br>**Federal Investigator** | **(305) 808-1812** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☐ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☒ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* Michael J. Farrell,
District Director

SEP 3 0 2019
*(Date Mailed)*

Enclosures(s)

cc:   <u>Respondent Representative</u>
**ARCHIMEDAN SCHOOLS**
c/o George Kafkoulis, PhD., President.
1225 Sunset Drive
Miami, FL 33186

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date **you** *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***



lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (/PremierServices/accountmanager.aspx)

# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Search

**Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding** Access Security Matrix. (https://www.floridasupremecourt.org/content/download/241418/2133339/AOSC18-16.pdf)

VASILIKI T. MOYSIDIS VS ARCHIMEDEAN ACADEMY, INC.

**Local Case Number:** 2019-035621-CA-01

**Filing Date:** 12/06/2019

**State Case Number:** 132019CA035621000001

**Case Type:** Discrimination - Employment or Other

**Consolidated Case No.:** N/A

**Judicial Section:** CA06

**Case Status:** OPEN

👥 **Parties**  **Number of Parties: 2** ➕

⚒ **Hearing Details**

**Number of Hearing: 0** ✚

📶 **Dockets**

**Dockets Retrieved: 9** ▬

⮕Export to ▾

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 8 | 12/20/2019 | | Service Returned | Event | |
|  | 7 | 12/20/2019 | | Service Returned | Event | |
| | 6 | 12/17/2019 | | Receipt: | Event | **RECEIPT#:3490064 AMT PAID:$10.00 NAME:PERERA, JORGE F. PERERA LAW GROUP, P.A. 13903 NW 67TH AVE, STE 330 MIAMI LAKES FL 33014 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH** |
| | | 12/16/2019 | | 20 Day Summons Issued | Service | |
|  | 5 | 12/16/2019 | | ESummons 20 Day Issued | Event | *Parties: Archimedean Academy Inc.* |
|  | 4 | 12/11/2019 | | (M) 20 Day (C) Summons (Sub) Received | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 3 | 12/11/2019 | | Receipt: | Event | **RECEIPT#:3510062 AMT PAID:$401.00 NAME:PERERA, JORGE F. PERERA LAW GROUP, P.A. 13903 NW 67TH AVE, STE 330 MIAMI LAKES FL 33014 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING AC** |
| 📄 | 2 | 12/06/2019 | | Complaint | Event | |
| 📄 | 1 | 12/06/2019 | | Civil Cover | Event | |

**◀◀ Back to Search**

**Please be advised:**

The Miami-Dade Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office. This website does not provide legal advice of any kind. If you require legal advice, please consult a qualified attorney of your choosing.

Service through the Clerk's electronic access is not the official record of the Clerk. In order to assure the accuracy of the data or information, the Clerk's Office should be consulted regarding the Official Court Record.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this Link. (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)

| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)



(http://www.miamidade.gov)

Clerk's Home (http://www.miami-dadeclerk.com/home.asp)

| Privacy Statement (https://www8.miamidade.gov/global/disclaimer/privacy-and-security.page)

| Disclaimer (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)

| Contact Us (http://www.miami-dadeclerk.com/contact.asp)

| About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Vasiliki T. Moysidis</u>
 Plaintiff
            vs.
<u>Archimedean Academy, Inc.</u>
Defendant

---

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
☒     Monetary;
☒     Non-monetary declaratory or injunctive relief;
☐     Punitive

IV.     **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

        <u>7</u>

V.      **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐     Yes
☒     No

VI.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒     No
☐     Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒     Yes
☐     No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jorge Freddy Perera</u>     FL Bar No.: <u>93625</u>
        Attorney or party                                              (Bar number, if attorney)

<u>Jorge Freddy Perera</u>     <u>12/06/2019</u>
        (Type or print name)                          Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____          _____

VASILIKI T. MOYSIDIS,

      Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

      Defendant.

_____          _____/

## COMPLAINT

Plaintiff VASILIKI T. MOYSIDIS ("Plaintiff") hereby sues ARCHIMEDEAN ACADEMY, INC., (the "Academy" or "Defendant") and alleges as follows:

### Introduction

1.     This is an action by Plaintiff against Defendant for sex discrimination and retaliation under Title VII of the federal Civil Rights Act ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Florida Civil Rights Act of 1992 ("FCRA"), and Florida's private sector Whistleblower's Act ("FWA"). Plaintiff seeks damages, recovery of reasonable attorneys' fees and costs, and all other remedies allowable by law.

### Jurisdiction and Venue

2.     This is an action by Plaintiff exceeding $15,000.00, exclusive of attorneys' fees and costs.

3.     The Academy is a Florida not for profit corporation with its principal place of business in Miami-Dade County.

**PERERA BARNHART ALEMAN**
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

4.      Venue is proper in this Court because Defendant transacts business in Miami-Dade County, maintains a principal place of business in Miami-Dade County, employed Plaintiff in Miami-Dade County and the claims arose within Miami-Dade County.

**Parties and General Allegations**

5.      Plaintiff is a female over the age of eighteen and is otherwise *sui juris.*

6.      At all relevant times, Plaintiff was a covered employee under Title VII, the EPA, the FCRA and the FWA.

7.      At all relevant times, Defendant was an employer subject to the provisions of Title VII, the EPA, the FCRA and the FWA.

**Factual Allegations**

8.      The Academy is a charter school located in Miami, Florida. It characterizes itself as a conservatory of mathematics and Greek language.

9.      At all relevant times, Dr. George Kafkoulis ("Kafkoulis") was President of the Academy.

10.     When the Academy initially opened its doors in 2002, it was an elementary school, which only catered to kindergarten and lower grade students (the "Elementary School").

11.     A couple of years later, Plaintiff joined the Academy's faculty and shortly thereafter, opened the Academy's middle school (the "Middle School").

12.     Plaintiff was recruited to run the Middle School and serve as its Principal. This was a demanding task, particularly because the Academy refused to hire an Assistant Principal to assist Plaintiff in carrying out her duties. The Academy told Plaintiff that though she would act as Principal, it could only afford to pay her as "Lead Teacher."

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

13.     Defendant promised Plaintiff a raise to adequately compensate her, but the raise never came.

14.     In 2008, the Academy opened the Archimedean Upper Conservatory ("High School"). The High School opened with 60 students and was operated by a full time principal and assistant principal.

15.     In 2008, Plaintiff obtained a specialist degree. That degree would have entitled Plaintiff to additional compensation if she were an employee of Miami-Dade County Public School system (instead of charter school employee).

16.     With this new accreditation and given her track record of success, Plaintiff asked Kafkoulis for a raise. Her request was denied.

17.     It was not until one of the Academy's building owners intervened that Kafkoulis offered Plaintiff a $10,000.00 stipend, with strings attached. To earn the stipend, Kafkoulis required Plaintiff to prepare the entire Greek language curriculum for the Elementary School (though she did not oversee the Elementary School) and Middle School. Plaintiff accepted and, through the date of her unlawful termination, successfully completed this task.

18.     By 2010, Plaintiff had grown the Middle School's student body from 65 students to 330 students.

19.     During Plaintiff's tenure as sole administrator and instructional leader, the Middle School earned an "A" letter grade every year, ranked as one of the top Middle Schools in Florida and won two prestigious National Blue Ribbon awards, a nationally known recognition and symbol of exemplary teaching and learning.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## Plaintiff's Objections and Refusal to Participate in Unlawful Activity

20.     Throughout her employment Plaintiff witnessed Defendant's recurrent unethical and illegal misconduct.

21.     Some of these acts included:

- the Elementary School and the High School's use of uncertified teachers;
- the Elementary school and the High School's use of shadow teachers;
- the faux appointment of women to the Academy's Board just before the SACS accreditation committee came to review the Academy, in order to cover-up the fact that it was an all-male Board; and
- the Academy, through Demetrios Bardoutsos, knowingly and repeatedly authorizing the submission of fictitious financial information.

22.     In 2015, despite the High School's **high attrition rate**, Kafkoulis decided he wanted to replace Plaintiff with Demetrios Demopoulos ("Demopoulos"), the High School principal.

23.     Kafkoulis called Plaintiff into a meeting and offered Plaintiff $20,000.00 "off the books" to add to her retirement if she would resign and surrender her position to her male colleague.  Plaintiff rejected Kafkoulis' bribe.

24.     Infuriated, Kafkoulis pounded his fist on a table and stated that "no woman has ever said no to me." He then stated Plaintiff would "live to regret this moment" and that he "always had the last word."

25.     Subsequently, the Academy, as a high performing school, was earmarked to receive State funds to reward the teachers. Kafkoulis, however, asked Plaintiff to tell the Academy's teachers that the funds would be distributed late and not according to the state deadline. The reason was that the Academy was, at the time, applying for a loan for a new building and wanted to inflate its financials by showing added cash flow. Plaintiff refused to lie to the teachers, which further angered Kafkoulis.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

26.     Kafkoulis then demanded that the Parent Teacher Organization ("PTO")'s funds be used to improve the gym. Plaintiff also objected to this demand, reminding Kafkoulis that he cannot dictate what the PTO does with its funds, which are meant for the benefit of the students – not to pay for improvements on a building that is privately owned and does not belong to the Academy. Infuriated with Plaintiff, Kafkoulis retorted "to hell with you" and again told Plaintiff that she would "regret it."

27.     Defendant's conduct caused Plaintiff a great deal of stress, which only progressed with time.

28.     The Academy's unlawful conduct did not end there. The Academy hired male teacher Dr. Lambros Boukas ("Boukas"), the brother of Academy Board member, Dr. Konstantinos Boukas. Boukas was brought from Greece to work for the Academy.

29.     Almost immediately, Boukas began making inappropriate sexual remarks to children and teachers at the Academy. When Plaintiff complained about Boukas' behavior, she was told by Kafkoulis and the Academy's legal counsel, Mr. Aleco Haralambides[1] that she was simply "too Americanized."

30.     Mortified by Boukas' conduct and her superior's indifference, Plaintiff presented Boukas with a written reprimand and refused to allow him back into the Middle School.

31.     Defendant did not admonish or counsel Boukas. In fact, Kafkoulis saw to it that Boukas remained at the Academy, just not at the Middle School. There was no concern for the health, safety or well-being of the children or teachers that Boukas harassed.

---

[1] In addition to serving as the Academy's legal counsel, Haralambides was also conveniently the Academy's Vice President, Conflict Resolution Officer and partial owner of the building.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

32.     Defendant's only concern was Boukas' immigration status, which was linked to his work at the Middle School. This became even more apparent to Plaintiff when she uncovered that the Academy forged documents to report that Boukas was still working at the Middle School. These documents were falsified so as to not raise any red flags or threaten Boukas' immigration status.

**Defendant's Disparate Pay Practices**

33.     In August of 2018, Plaintiff noticed that Defendant cut her stipend from $10,000.00 to approximately $3,930.00. Plaintiff also noticed that her salary was incorrectly being reported as $100,000.00, which was several thousand dollars higher than her actual salary.

34.     On several occasions, Plaintiff asked for an explanation on the discrepancy, but her requests were all ignored. However, Plaintiff later found out that her pay records were altered because the Academy had recently hired a *male* principal for the Elementary School at a six-figure salary, despite his having far less experience and qualifications than Plaintiff.

35.     Trying to hide the pay discrimination, the Academy wanted to show, at least "on paper," that it was compensating Plaintiff at a rate similar to that of the new hire.

36.     To make matters worse, Plaintiff also found out that Demopoulos, the less experienced male Principal of the High School, had also been paid at a higher salary than her, and that had been the case for many years.

37.     When Plaintiff brought the disparate pay issue to Defendant's attention, Defendant retaliated against Plaintiff and concocted a Letter of Reprimand questioning Plaintiff's job performance.

38.     The retaliation did not end there.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

39.     After uncovering the unlawful pay discrepancy, Plaintiff filed a charge of discrimination with the EEOC. This caused Plaintiff more torment as Kafkoulis' harassment became even more relentless.

40.     Then, on July 22, 2019, shortly before the start of the new school year, Defendant unlawfully terminated Plaintiff's employment.

41.     Plaintiff subsequently filed a second charge of discrimination with the EEOC premised largely on her unlawful and retaliatory termination.

**Plaintiff Has Exhausted Administrative Remedies**

42.     Plaintiff timely filed two charges of discrimination before filing this lawsuit.

43.     Plaintiff received Determination of Rights Letters from the EEOC advising her of her right to sue.  A copy of the Letters are attached as **Exhibits A and B.**

44.     Plaintiff has met all prerequisites and met all preconditions to filing this lawsuit.

**COUNT I**

**SEX DISCRIMINATION UNDER TITLE VII**

45.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

46.     Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2.

7 | P a g e

47.     Discrimination by an employer against an individual because of her sex is prohibited under Title VII.

48.     Plaintiff's sex is female.

49.     Plaintiff's status as a female is a protected class under Title VII.

50.     Plaintiff was disfavored in the terms and condition of her employment and received less compensation than her male counterparts due to her status as a female.

51.     Had Plaintiff not been female, Plaintiff would not have been treated less favorably and paid less money than her male counterparts.

52.     Defendant's conduct amounted to discrimination in the terms, conditions, and privileges of Plaintiff's employment, in violation of Title VII.

53.     Plaintiff suffered damages due to Defendant's discriminatory treatment.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendant under Title VII for sex discrimination;

b.      Award Plaintiff back pay;

c.      Award Plaintiff compensatory damages;

d.      Award Plaintiff punitive damages;

e.      Award Plaintiff her attorneys' fees and costs;

f.      Award Plaintiff all recoverable interest; and

g.      Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## COUNT II

## DEFENDANT'S UNLAWFUL RETALIATION AGAINST PLAINTIFF UNDER TITLE VII

54.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

55.     Under Title VII it is unlawful for an employer to, "discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3.

56.     While employed by Defendant, Plaintiff objected to Defendant's refusal to compensate her as well as her male colleagues, including by filing a charge of discrimination.

57.     Plaintiff's objections to Defendant's acts constituted protected activity under Title VII.

58.     Under Title VII, Defendant was prohibited from taking retaliatory action against Plaintiff for her protected activities.

59.     However, Plaintiff was terminated by Defendant due to her participation in the protected activity described above.

60.     Defendant took retaliatory employment action against Plaintiff by terminating Plaintiff's employment with Defendant.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

61.     Discrimination by Defendant against Plaintiff for reporting her complaints of sex discrimination is prohibited under Title VII.

62.     Throughout her employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and, at all relevant times, did her job at satisfactory or above-satisfactory levels.

63.     Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful retaliation.

64.     Plaintiff suffered damages as a result of her unlawful retaliatory discharge.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendant under Title VII for unlawful retaliation;

b.      Award Plaintiff back pay damages;

c.      Award Plaintiff front pay damages;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff punitive damages;

f.      Award Plaintiff her attorneys' fees and costs;

g.      Award Plaintiff all recoverable interest; and

h.      Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## COUNT III

## DEFENDANT'S VIOLATION OF THE EPA

65.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

66.     During Plaintiff's employment with Defendant, Defendant willfully violated the EPA by paying Plaintiff at a salary less than the salary paid to male employees in the same establishment, for jobs requiring equal skill effort and responsibility and which were performed under similar working conditions as the job performed by Plaintiff.

67.     The only differential was Plaintiff's sex.

68.     As a direct and proximate result of the acts complained of above, Defendant has unlawfully withheld payment of wages due to Plaintiff.

69.     Defendant knew or showed reckless disregard as to whether its payment of lower wages to Plaintiff for work equivalent to her male counterparts was prohibited by the EPA.

70.     Plaintiff suffered damages due to Defendant's discriminatory treatment.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Defendant under the EPA for sex discrimination;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, and its agents, from discriminating between employees on the basis of sex;

c.      Award Plaintiff back pay;

d.      Award Plaintiff liquidated damages;

e.      Award Plaintiff compensatory damages;

f.      Award Plaintiff her attorneys' fees and costs;

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

g.    Award Plaintiff all recoverable interest; and

h.    . Award any other relief this Honorable Court deems just and proper.

## COUNT IV

### DEFENDANT'S UNLAWFUL RETALIATION AGAINST PLAINTIFF UNDER THE EPA

71.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

72.    Under the EPA, it is unlawful for an employer to retaliate against an employee who asserts his or her rights under the EPA.

73.    Since the filing of Plaintiff's first EEOC charge, Defendant has subjected Plaintiff to verbal threats, reprisals and negative performance evaluations, all in retaliation for voicing concerns about the unlawful pay disparity. .

74.    Plaintiff's complaints constituted protected activity under EPA.

75.    Under the EPA, Defendant was prohibited from taking retaliatory action against Plaintiff for her protected activities.

76.    However, Plaintiff was terminated by Defendant due to her participation in the protected activity described above.

77.    Discrimination by Defendant against Plaintiff for reporting her complaints of sex discrimination is prohibited under the EPA

78.    Throughout her employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and, at all relevant times, did her job at satisfactory or above-satisfactory levels.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

79.     Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful retaliation.

80.     Plaintiff suffered damages as a result of her unlawful retaliatory discharge.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against Defendant under the EPA for unlawful retaliation;

b.     Award Plaintiff back pay damages;

c.     Award Plaintiff front pay damages;

d.     Award Plaintiff compensatory damages;

e.     Award Plaintiff punitive damages;

f.     Award Plaintiff her attorneys' fees and costs;

g.     Award Plaintiff all recoverable interest; and

h.     Award any other relief this Honorable Court deems just and proper.

## COUNT V

### SEX DISCRIMINATION BY DEFENDANT IN VIOLATION THE FCRA

81.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

82.     Under the FCRA, it is unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status" Fla. Stat. § 760.10(1)(a).

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

83.   Plaintiff's sex is female.

84.   Discrimination by an employer against an individual because of her sex is prohibited under the FCRA.

85.   Plaintiff's status as a female is a protected class under the FCRA.

86.   Plaintiff was disfavored in the terms and condition of her employment and received less compensation than her male counterparts due to her status as a female.

87.   Had Plaintiff not been female, Plaintiff would not have been treated less favorably and paid less money than her male counterparts.

88.   Such differential treatment constitutes sex discrimination in the terms, conditions, and privileges of Plaintiff's employment, in violation of the FCRA.

89.   Plaintiff suffered damages due to Defendant's discriminatory treatment.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a.   Enter judgment for Plaintiff against Defendant under the FCRA for sex discrimination;

b.   Award Plaintiff back pay;

c.   Award Plaintiff compensatory damages;

d.   Award Plaintiff punitive damages;

e.   Award Plaintiff her attorneys' fees and costs;

f.   Award Plaintiff all recoverable interest; and

g.   Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

## COUNT VI

### DEFENDANT'S UNLAWFUL RETALIATION AGAINST PLAINTIFF
### UNDER THE FCRA

90.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

91.     Under the FCRA, "it is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under the section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the section." Fla. Stat. § 760.10(7).

92.     While employed by Defendant, Plaintiff objected to Defendant's refusal to compensate her as well as her male colleagues.

93.     Plaintiff's objections to Defendant's acts constituted protected activity under the FCRA, including by filing a charge of discrimination.

94.     Under the FCRA, Defendant was prohibited from taking retaliatory action against Plaintiff for her protected activities.

95.     However, Plaintiff was terminated by Defendant due to her participation in the protected activity described above.

96.     Defendant took retaliatory employment action against Plaintiff by terminating Plaintiff.

97.     Plaintiff suffered damages because of her unlawful retaliatory discharge.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

a.     Enter judgment for Plaintiff against Defendant under the FCRA for unlawful sex discrimination retaliation;

b.     Award Plaintiff back pay damages;

c.     Award Plaintiff front pay damages;

d.     Award Plaintiff compensatory damages;

e.     Award Plaintiff punitive damages;

f.     Award Plaintiff her attorneys' fees and costs;

g.     Award Plaintiff all recoverable interest; and

h.     Award any other relief this Honorable Court deems just and proper.

## COUNT VII

### DEFENDANT'S VIOLATION OF THE PRIVATE SECTOR FWA

98.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if fully set forth herein.

99.     Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

100.     Plaintiff objected to and refused to participate in a slew of Defendant's violations of school, state and federal regulations.

101.     Consequently, Defendant retaliated against Plaintiff by harassing, reprimanding and ultimately terminating Plaintiff's employment.

PERERA BARNHART ALEMAN
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

102.   Defendant's adverse actions towards Plaintiff were directly and proximately caused by Plaintiff's objections to practices, activities and/or policies that violate a rule, law or regulation as set forth more fully above.

103.   At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

104.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

105.   Any allegedly justified reason for Plaintiff's termination asserted by Defendant is mere pretext for the actual reason for termination  Plaintiff's objections to the aforementioned practices, activities and/or policies

106.   Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA, which protects a person from retaliation for opposing practices, activities and/or policies that violate a rule, law or regulation.

107.   The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA;

b.   Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

c.   Reinstate full fringe benefits and seniority rights to Plaintiff;

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

      d.      Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to practices, activities and/or policies that violate a rule, law or regulation;

      e.      Award attorney's fees and costs; and

      f.      Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted,

By: /s/ *J. Freddy Perera*
Bayardo E. Aleman, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Waynice A. Green-Musgrove, Esq.
Florida Bar No. 116175
waynice@pba-law.com
**PERERA BARNHART ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

PERERA BARNHART ALEMAN
12555 Orange Drive · Second Floor · Davie, FL 33330 · Phone (786) 485.5232
www.PereraBarnhart.com

# EXHIBIT "A"

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **Vasiliki T. Moysidis**
      **10923 SW 135 PL**
      **Miami, FL 33186**

From:  **Miami District Office**
       **Miami Tower, 100 S E 2nd Street**
       **Suite 1500**
       **Miami, FL 33131**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-05901** | **ROEL J. RITFELD,** **Federal Investigator** | **(305) 808-1812** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| ☐ | More than 180 days have passed since the filing of this charge. |
| ☒ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

| | |
|---|---|
| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
*Michael J. Farrell,*
**District Director**

SEP **1 1** 2019

*(Date Mailed)*

Enclosures(s)

cc:   **Respondent Representative**
      **ARCHIMEDAN SCHOOLS**
      **c/o George Kafkoulis, PhD., President.**
      **1225 Sunset Drive**
      **Miami, FL 33186**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT "B"

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Vasiliki T. Moysidis**
     **10923 SW 135 PL**
     **Miami, FL 33186**

From:  **Miami District Office**
       **Miami Tower, 100 S E 2nd Street**
       **Suite 1500**
       **Miami, FL 33131**

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-00317** | **ROEL J. RITFELD,**<br>**Federal Investigator** | **(305) 808-1812** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Nigar Santa Wright*

~~Michael J. Farrell,~~ Michael J. Farrell,
**District Director**

SEP 3 0 2019

*(Date Mailed)*

cc:  **Respondent Representative**
     **ARCHIMEDAN SCHOOLS**
     **c/o George Kafkoulis, PhD., President.**
     **1225 Sunset Drive**
     **Miami, FL 33186**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-035621-CA-01

VASILIKI T. MOYSIDIS,

      Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

      Defendant.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, on Defendant:

**ARCHIMEDEAN ACADEMY, INC.**
**c/o ALECO HARALAMBIDES, ESQ.**
**3135 SW 3RD AVENUE**
**MIAMI, FL 33129**

      Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart Aleman, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

      DATED ON _____, 2019.

                         HARVEY RUVIN
                         By: _____
                               As Deputy Clerk

## SUMMONS:
## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court.  A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandoado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a unabogado immediateamenta.  Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour depposer une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

2

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:      J. Freddy Perera, Esq.
               Florida Bar No. 93625

Address:       Perera Barnhart Aleman
               12555 Orange Drive
               Second Floor
               Davie, FL 33330
               (786) 485-5232

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-035621-CA-01

VASILIKI T. MOYSIDIS,

     Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, on Defendant:

**ARCHIMEDEAN ACADEMY, INC.**
**c/o ALECO HARALAMBIDES, ESQ.**
**3135 SW 3RD AVENUE**
**MIAMI, FL 33129**

     Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart Aleman, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

     DATED ON _____12/16/2019_____, 2019.

HARVEY RUVIN
By: _____
     As Deputy Clerk

219483

## SUMMONS:
## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court.  A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandoado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a unabogado immediateamenta.  Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour depposer une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

2

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:       J. Freddy Perera, Esq.
                Florida Bar No. 93625

Address:        Perera Barnhart Aleman
                12555 Orange Drive
                Second Floor
                Davie, FL 33330
                (786) 485-5232

## **RETURN OF SERVICE**

**State of Florida**                    **County of Miami-Dade**                    **Circuit Court**

Case Number: 2019-035621-CA-01

Plaintiff:
**VASILIKI T. MOYSIDIS**

vs.

Defendant:
**ARCHIMEDEAN ACADEMY, INC.**

For:
J. FREDDY PERERA
PERERA BARNHART, PA
12555 ORANGE DR
2ND FLOOR
DAVIE, FL 33330

Received by OJF SERVICES, INC. on the 16th day of December, 2019 at 4:23 pm to be served on **ARCHIMEDEAN ACADEMY, INC. C/O ALECO HARALAMBIDES, ESQ., 3135 SW 3 AVENUE, MIAMI, FL 33129.**

I, GREG SCHULTE, do hereby affirm that on the **19th day of December, 2019** at **11:00 am, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **GANI VINAS** EMPLOYEE OF ALECO HARALAMBIDES, ESQ at the address of: **3135 SW 3 AVENUE, MIAMI, FL 33129** as registered agent for **ARCHIMEDEAN ACADEMY, INC. C/O ALECO HARALAMBIDES, ESQ.**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019019766

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 100138080 E-Filed 12/11/2019 11:38:51 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-035621-CA-01

VASILIKI T. MOYSIDIS,

     Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

     Defendant.

_____/

DATE _12/19_ TIME _11A_

INITIALS: _C_ ID#: _245_

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, on Defendant:

**ARCHIMEDEAN ACADEMY, INC.
c/o ALECO HARALAMBIDES, ESQ.
3135 SW 3RD AVENUE
MIAMI, FL 33129**

     Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart Aleman, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

     DATED ON _____12/16/2019_____, 2019.

HARVEY RUVIN
By: _____
    As Deputy Clerk

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

## SUMMONS:
## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court.  A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).  If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandoado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a unabogado immediateamenta.  Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour desposser une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

2

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:       J. Freddy Perera, Esq.
                Florida Bar No. 93625

Address:        Perera Barnhart Aleman
                12555 Orange Drive
                Second Floor
                Davie, FL 33330
                (786) 485-5232

3

# **RETURN OF SERVICE**

**State of Florida**                    **County of Miami-Dade**                    **Circuit Court**

Case Number: 2019-035621-CA-01

Plaintiff:
**VASILIKI T. MOYSIDIS**

vs.

Defendant:
**ARCHIMEDEAN ACADEMY, INC.**

For:
J. FREDDY PERERA
PERERA BARNHART, PA
12555 ORANGE DR
2ND FLOOR
DAVIE, FL 33330

Received by OJF SERVICES, INC. on the 16th day of December, 2019 at 4:23 pm to be served on **ARCHIMEDEAN ACADEMY, INC. C/O ALECO HARALAMBIDES, ESQ., 3135 SW 3 AVENUE, MIAMI, FL 33129.**

I, GREG SCHULTE, do hereby affirm that on the **19th day of December, 2019** at **11:00 am, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **GANI VINAS** EMPLOYEE OF ALECO HARALAMBIDES, ESQ at the address of: **3135 SW 3 AVENUE, MIAMI, FL 33129 as registered agent** for **ARCHIMEDEAN ACADEMY, INC. C/O ALECO HARALAMBIDES, ESQ.,** and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019019766

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g



Filing # 100138080 E-Filed 12/11/2019 11:38:51 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2019-035621-CA-01

VASILIKI T. MOYSIDIS,

        Plaintiff,

vs.

ARCHIMEDEAN ACADEMY, INC.,

        Defendant.

_____/

DATE _12/19_ TIME _11A_

INITIALS: _C_ ID#: _245_

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, on Defendant:

**ARCHIMEDEAN ACADEMY, INC.**
**c/o ALECO HARALAMBIDES, ESQ.**
**3135 SW 3RD AVENUE**
**MIAMI, FL 33129**

        Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart Aleman, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

        DATED ON ___12/16/2019___, 2019.

HARVEY RUVIN
By: _____
    As Deputy Clerk

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

## SUMMONS:
## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandoado legalmente. Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a unabogado immediateamenta. Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado de Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

2

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:      J. Freddy Perera, Esq.
               Florida Bar No. 93625

Address:       Perera Barnhart Aleman
               12555 Orange Drive
               Second Floor
               Davie, FL 33330
               (786) 485-5232

3

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2019-035621-CA-01

VASILIKI T. MOYSIDIS,

      Plaintiff,

v.

ARCHIMEDEAN ACADEMY, INC.,

      Defendant.

_____/

## **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant, SAFE CHAIN SOLUTIONS, LLC, has filed a Notice of Removal of Case No. 20198-010708-CA-01 pending before this Court, in the office of the Clerk of the United States District Court for the Southern District of Florida, a copy of which is attached as Exhibit A, removing this Case to federal court.

PLEASE FURTHER TAKE NOTICE that pursuant to 28 U.S.C. § 1446(d), this Court may not proceed further with this case because the removal to federal court was effective upon the filing of the Notice of Removal together with this Notice. This Court must close this Case.

Respectfully submitted this 8th day of January, 2020.

      /s/Elizabeth M. Rodriguez
      Elizabeth M. Rodriguez
      Florida Bar No. 821690
      erodriguez@fordharrison.com
      Ford & Harrison, LLP
      One S.E. 3rd Avenue, Suite 2130
      Miami, FL  33131
      Telephone: (305) 808-2143
      Facsimile: (305) 808-2101
      Counsel for Defendant

**EXHIBIT "D"**

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that on January 8, 2020, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


<u>/s/Elizabeth M. Rodriguez</u>
Elizabeth M. Rodriguez

<u>**SERVICE LIST**</u>

Bayardo E. Aleman, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Waynice A. Green-Musgrove, Esq.
Florida Bar No. 116175
waynice@pba-law.com
PERERA BARNHART ALEMAN
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
Counsel for Plaintiff

WSACTIVELLP:11192624.1